UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY ARELLANO,<br><br>            Plaintiff,<br><br>   v.<br><br>CAL. PIA, et al.<br><br>            Defendants. | No. 1:23-cv-01202-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 10) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 30, 2023. (ECF No. 10.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names California Prison Industry (CALPIA), California Department of Corrections and Rehabilitation (CDCR), officer Todd, prison industry supervisor Thomas, prison industry supervisor Hernandez, and warden Tammy Campbell, as Defendants.

"Plaintiff's injury was a direct result of negligence." On October 6, 2022, Plaintiff was injured when a warehouse product fell from above his head, striking Plaintiff in the foot breaking

his toe. When the injury occurred, Plaintiff was "unaware" nor warned of said falling object, nor given warning that during work items would or could fall from above.

Plaintiff was informed that due to a defect and improper packing method the product fell. The product that fell was a 60 pound roll of plastic wrap that was improperly packed and shipped by CDCR and CALPIA. The product was supposed to be packed first, not above head level, as only light and nonheavy objects can be packed above head level. Supervisors Hernandez and Thomas and officer Todd did not conduct a safety check of the premises and all the stacked incoming and outgoing products on the day of the incident per safety policy.

## III.

## DISCUSSION

### A. CDCR and CALPIA as Defendants

Plaintiff names the CDCR and CALPIA as Defendants.

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349–50 (9th Cir.1982). In the instant case, the State of California has not consented to suit. Accordingly, Plaintiff's claims against CDCR and the CALPIA are subject to dismissal for failure to state a cognizable claim for relief.

### B. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would

cause others to inflict' constitutional harms." Corales, 567 F.3d at 570.

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).  To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane Cty. Wash., 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff names warden Campbell in the caption of the complaint, but he fails to set for any allegations that connect warden Campbell personally to the violations alleged in the complaint.   Accordingly, Plaintiff fails to state a cognizable claim against warden Campbell.

**C.    Eighth Amendment/Prison Work Conditions**

The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as inhumane methods of punishment. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). The cruel and unusual punishment prohibition applies to all conditions within a prison, including work programs, medical care, housing facilities, security measures, and so forth. See, e.g., Rhodes v. Chapman, 452 U.S. 337, 344–47 (1981).  To be actionable, the prison officials' conduct "must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 501 U.S. 294, 298–99 (1991) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing

4

conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock").

An unsafe workplace alone does not equal a per se violation of the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir.1996). In the working conditions context, a single defective condition -- for example, a slippery floor, leaking roof, or broken oven -- by itself, without additional conditions contributing to a threat to an inmate's safety, does not create a sufficient and serious condition to implicate the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996); Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (claims about slippery floors, without more, "do not state even an arguable claim for cruel and unusual punishment."), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Rather, a prisoner asserting an Eighth Amendment claim based on a safety hazard must show not only a hazardous condition posing a threat to his safety, but also some additional condition exacerbating that threat. Morgan, 465 F.3d at 1047 (hazard exacerbated when prison official compelled inmate to continue working with dangerously defective equipment); see also Osolinski, 92 F.3d at 938 (no exacerbating conditions when inmate was able to see and avoid defective oven door which fell off and burned his arm); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985) (serious safety hazards in prison's occupational areas were exacerbated by inadequate lighting); Lusk v. Valenzuela, 2015 WL 13237297, at *1 (C.D. Cal. Sept. 11, 2015) (dismissing complaint against warden and superintendent of plant operations after plaintiff was injured by damaged flooring because complaint failed to demonstrate additional exacerbating condition).

Here, Plaintiff alleges only that a bindle of plastic wrap fell on him because it was defective and should not have been placed above head level. Plaintiff does not allege "any other conditions contributing to the threat to an inmate's safety" aside from the improper placement of the plastic wrap. Osolinski, 92 F.3d at 938. Plaintiff alleges no facts or exacerbating circumstances that could elevate this simple negligence claim into a federal cause of action. Plaintiff's claim against defendants therefore does not state a constitutional violation. Without

5

such "additional exacerbating condition," the first amended complaint fails to allege facts sufficient to establish an objectively inhumane condition of confinement. Moreover, the facts alleged do not demonstrate that Defendants Hernandez, Thomas and Todd knew of and disregarded a substantial risk to Plaintiff's health and safety. At most, there may be the possibility of negligence for the accidental injury to Plaintiff. Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

### D. Further Leave to Amend

In the Court's prior screening order, the Court identified the same or very similar deficiencies in Plaintiff's prior complaints, provided Plaintiff with the relevant legal standards, and allowed Plaintiff to amend his complaint. Plaintiff filed his first amended complaint with the benefit of the Court's screening order but failed to cure the deficiencies identified by the Court and further leave to amend would be futile. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987). Accordingly, the Court will recommend that further leave to amend be denied.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 18, 2023**

UNITED STATES MAGISTRATE JUDGE