UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY ARELLANO,<br><br>            Plaintiff,<br><br>      v.<br><br>CAL. PIA, et al.<br><br>            Defendants. | No.  1:23-cv-01202-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>Doc. 12 |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 18, 2023, the assigned magistrate judge issued findings and recommendations to dismiss this action for failure to state a cognizable claim for relief.  Doc. 12.  The findings and recommendations were served on plaintiff and contained notice that objections were to be filed within fourteen days.  *Id*. at 6.  Plaintiff filed objections on January 2, 2024.  Doc. 13.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case.  In his objections, plaintiff states that he believes key facts and evidence that he provided in his first amended complaint were not considered or were misrepresented, including evidence of his execution of a government claim and that defendants

1

1    did not follow their own safety policies, leading to his injury.  Doc. 13.  He also states that
2    "under 835 of [the] [C]alifornia [C]onstitution, a[n] entity can be held liable" and that "[he]
3    [has] a right to file a second amended complaint." *Id.* at 2.
4        The magistrate judge correctly noted that plaintiff's first amended complaint fails to
5    state a claim for which relief could be granted.  Plaintiff's objections do not undermine the
6    magistrate judge's analysis.  Even if the magistrate judge did not explicitly list every fact
7    alleged in the first amended complaint, it is clear the analysis in the findings and
8    recommendations reflect the facts that plaintiff notes in his objections.  As plaintiff notes, he set
9    forth evidence in the form of a "Notice Regarding Temporary Disability Benefits Status" which
10   indicates that "liability for this injury ha[d] been accepted."  The findings and recommendations
11   are not contrary to this evidence.  Indeed, they note that "[a]t most, there may be the possibility
12   of negligence for the accidental injury to Plaintiff . . . [but] [n]either accident nor negligence
13   constitutes cruel and unusual punishment."  Doc. 12 at 6.  Plaintiff has not alleged anything that
14   would indicate that defendants acted with a "sufficiently culpable state of mind" more than
15   mere negligence – that is, that there was a subjective disregard of a risk of which defendants
16   were actually aware.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).
17       As for plaintiff's statement that he believes he has a cause of action under the California
18   Constitution, this cannot save his complaint from dismissal; plaintiff must assert a cause of
19   action regarding a *federally* protected right to pursue this section 1983 case in federal court.
20   *See, e.g.*, *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).  Finally, while
21   "[p]ro se complaints should be liberally construed and may be dismissed only if the plaintiff can
22   prove no set of facts in support of his claim," *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195
23   (9th Cir. 2017), plaintiff has already been given an opportunity to amend his complaint to cure
24   these deficiencies and was unable to do so.  Plaintiff has not raised any further facts in his
25   objections that would indicate his ability to cure the deficiencies with a second amended
26   complaint.  Therefore, as noted by the magistrate judge, it appears granting further leave to
27   amend would be futile.
28       Having carefully reviewed the file, including plaintiff's objections, the Court concludes

that the findings and recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on December 18, 2023, Doc. 12, are ADOPTED IN FULL;
2. This action is DISMISSED with prejudice for failure to state a claim upon which relief can be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  November 25, 2024

UNITED STATES DISTRICT JUDGE